**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **EDWARDNETT JACKSON** <br> Plaintiff, <br><br> v. <br><br> **WESTLAKE PORTFOLIO MANAGEMENT, LLC** <br> Defendant. | ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Edwardnett Jackson, an individual consumer, against Defendant, Westlake Portfolio Management, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, including violations of 15 U.S.C. § 1692c(c).

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) and 28 U.S.C § 1331. The venue in this District is proper in that the Defendant, Westlake Portfolio Management, LLC transacts business in Montgomery, Alabama, and the conduct complained of occurred in Montgomery, Alabama.

### III.     PARTIES

3. Edwardnett Jackson (hereinafter "Plaintiff") is a natural person residing in Montgomery, Alabama. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(3).

4. Upon information and belief, Westlake Portfolio Management, LLC (hereinafter "Defendant") is a debt collection agency with its principal place of business located in California. Defendant's primary and principal business purpose is the collection of defaulted debts, and it uses various instruments of interstate commerce to accomplish debt collection activities including mail, email, telephone, other methods of communication, filing of lawsuits, credit reporting, etc.

### IV.     FACTS OF THE COMPLAINT

5. Plaintiff allegedly incurred a "debt" that was primarily for personal, family, or household purposes as defined by the FDCPA, 15 U.S.C § 1692a(5).

6. Defendant, Westlake Portfolio Management, LLC, is a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6) and began engaging in debt collection activities against the Plaintiff.

7. At the time that Defendant received the alleged debt of Plaintiff, the alleged debt was in default.

8. On or about May 23, 2024, at 11:30 am, Plaintiff received an email from the Defendant, which stated, "Westlake Portfolio Management, LLC is a debt collector. We are trying to collect a debt that you owe to RAC Dealership, LLC DBA American Car Center.

9. On or about May 23, 2024, at 12:08 pm, Plaintiff responded via email, clearly refusing to pay the alleged debt stating, "I am not going to render a payment."

10. Despite Plaintiff's clear refusal to pay, on May 30, 2024, Defendant sent a ticket and an additional email stating that they received her email and offered customizable payment options and to remove the report if she paid the balance.

11. Defendant had no legal right to continue to communicate with Plaintiff after she refused to pay and notified the Defendant of such refusal, however the Defendant continued to communicate with the Plaintiff.

12. Defendant's continued collection efforts after receiving Plaintiff's refusal to pay violated 15 U.S.C. § 1692c(c), which requires debt collectors to cease communications after receiving written notice from the consumer refusing to pay the debt.

13. The conduct of the Defendant has proximately caused Plaintiff damages.

## V.    CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1692c(c) by Westlake Portfolio Management, LLC)

14. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

15. Defendant violated 15 U.S.C. § 1692c(c) by continuing to attempt to collect the debt after receiving Plaintiff's written notice refusing to pay the debt.

16. The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA (and Regulation F) with respect to Plaintiff, including, but not limited to violations of 1692c, 1692c(c), 1692d, 1692e, 1692f, and 1692f(1) along with Regulation F related to these sections and communication between debt collectors (such as Defendant) and Plaintiff.

17. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages, and costs.

## JURY DEMAND AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Defendant for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C § 1692k(a)(1);

C. Statutory damages pursuant to 15 U.S.C § 1692k(a)(2)(A);

D. Cost and reasonable attorney's fees pursuant to 15 U.S.C 1692k(a)(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 10th day of January 2025.

> **/s/ Noelle Sillmon**
> **NOELLE SILLMON**
> **Counsel for the Plaintiff**
> **Alabama Bar No.: 4074Y61Q**
> **Legally Noelle Services, LLC.**
> **P.O. Box 242141**
> **Montgomery, AL 36124**
> **(334) 513-1710**
> **legally.noelle@gmail.com**