IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDWARDNETT JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 2:25-cv-43-RAH-CWB |
| WESTLAKE PORTFOLIO | ) |
| MANAGEMENT, LLC, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Westlake Portfolio Management, LLC has asked the court to compel arbitration of the underlying claims and to stay these proceedings until arbitration is concluded. (*See* Doc. 17). Edwardnett Jackson has not affirmatively consented to the request but has expressed that she would not challenge a referral to arbitration. (*See* Doc. 19). Having now reviewed the record, the Magistrate Judge concludes that the request to compel arbitration and stay proceedings should be granted.

**I.      Discussion**

Jackson filed this action on January 10, 2025 to assert a single claim against Westlake under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (*See* Doc. 1). Westlake has presented evidence that the debt giving rise to the claim relates to an Alabama Motor Vehicle Lease Agreement entered between Jackson and RAC Dealership, LLC for a 2015 Chrysler 200 S. (*See* Doc. 17-1 at pp. 2, 5). The evidence presented by Westlake further reflects that the lease agreement was assigned to AF Title Co. (*see* Doc. 17-1 at p. 2), who subsequently assigned servicing rights to Westlake (*see id*. at pp. 3, 11). The lease agreement contains the following written arbitration provision:

> 41. **ARBITRATION PROVISION AND WAIVER OF JURY TRIAL.** Arbitration is a process in which persons with a dispute: (a) waive their rights to file a lawsuit and proceed in court and waive their rights to have a jury trial to resolve their disputes; (b) agree, instead, to submit their disputes to a neutral third person (an "arbitrator") for a decision. Each party to the dispute has an opportunity to present some evidence to the arbitrator. Pre-arbitration discovery may be limited. Arbitration proceedings are private and less formal than court trials. **THEREFORE, YOU ACKNOWLEDGE AND AGREE AS FOLLOWS: A.** For purposes of this Arbitration provision and Waiver of Jury Trial ("Arbitration Provision"), the words "dispute" and "disputes" are given the broadest possible meaning and include, without limitation … (b) all federal or state law claims, disputes, or controversies, arising from or relating directly or indirectly to this Lease, the information you gave Lessor before entering into this Lease, and any past agreement or agreements between you and Lessor or Assignee; … (e) all claims based upon a violation of any state or federal constitution, statute, or regulation; ... **B.** You acknowledge and agree that by entering into this Arbitration Provision: **(i) YOU ARE GIVING UP YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST LESSOR OR ASSIGNEE OR RELATED THIRD PARTIES; (ii) YOU ARE GIVING UP YOUR RIGHT TO HAVE A COURT, OTHER THAN A SMALL CLAIMS TRIBUNAL, RESOLVE ANY DISPUTE ALLEGED AGAINST LESSOR OR ASSIGNEE OR ANY RELATED THIRD PARTIES.** … **G.** This Arbitration Provision is binding upon and benefits you, your respective heirs, successors and assigns. This Arbitration Provision is binding upon and benefits Lessor and Assignee, our successors and assigns, and related third parties. …

(*Id*. at p. 8) (emphasis in original).

> Section 2 of the Federal Arbitration Act (the "FAA") provides as follows:
>
> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]

9 U.S.C. § 2. Thus, "Section 2 requires a two-pronged inquiry: first, whether there is an arbitration agreement in writing; and second, if so, whether the agreement is part of a transaction involving interstate commerce." *Chambers v. Groome Transp. of Alabama*, 41 F. Supp. 3d 1327, 1338 (M.D. Ala. 2014); *see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S.

614, 626-28 (1985); *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004). "The party seeking to compel arbitration bears the initial burden of proving the existence of a contract calling for arbitration, and providing that the contract evidences a transaction involving interstate commerce. Once the moving party meets that initial burden, the party opposing arbitration has the burden of establishing that the agreement is invalid, or that it does not apply to the dispute in question." *Wisener v. CMH Homes, Inc.*, No. 1:21-CV-1075, 2022 WL 17839010, at *3 (N.D. Ala. Dec. 21, 2022) (citing *SSC Selma Operating Co., LLC v. Fikes*, 238 So. 3d 635, 636-37 (Ala. 2017)); *see also Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91-92 (2000).

Here, Westlake has provided a written agreement containing a provision to arbitrate claims such as the one now at issue. (*See* Doc. 17-1 at pp. 8-9). Jackson has not disputed her assent to the agreement or that her claim falls within the arbitration provision's scope. The court thus concludes that the first prong of the analysis has been satisfied. *See, e.g., Johnson v. Carter*, No. 2:11-CV-493, 2012 WL 666089, at *5 (M.D. Ala. Feb. 13, 2012), *report and recommendation adopted*, No. 2:11-CV-493, 2012 WL 652225 (M.D. Ala. Feb. 29, 2012) (concluding that plaintiff had agreed to arbitrate by signing an agreement containing an arbitration provision).

With respect to the second prong of the analysis, the court observes that the phrase "involving commerce" is to be construed broadly and requires only "that the 'transaction' in fact 'involv[e]' interstate commerce, even if the parties did not contemplate an interstate commerce connection." *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 273, 277, 281 (1995). Westlake asserts that it maintains a principal place of business in Los Angeles, California and services automobile loans and leases in various states. (Doc. 17 at p. 5; Doc. 17-1 at pp. 3, 11-24). Westlake further contends that the "aggregate effect" of the economic activity at issue affects interstate commerce sufficiently to invoke the FAA. (Doc. 17 at p. 5). Jackson does not

argue otherwise. And "[i]t is unquestionable that the sale of an automobile, either new or used, 'use[s] the channels of interstate commerce,' 'involve[s] ... things in interstate commerce,' and 'involve[s] general activities having a substantial effect on interstate commerce.'" *Edwards v. Costner*, 979 So. 2d 757, 762 (Ala. 2007). Accordingly, the court finds that the underlying transaction is one "involving commerce." *See Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56-57 (2003) ("Congress' Commerce Clause power 'may be exercised in individual cases without showing any specific effect upon interstate commerce' if in the aggregate the economic activity in question would represent 'a general practice ... subject to federal control.'") (citation omitted)); *see also Burgin v. World Omni Fin. Corp.*, No. 2:06-CV-4836, 2007 WL 9711712, at *2 (N.D. Ala. June 19, 2007) (finding that a motor vehicle lease agreement was subject to the provisions of the FAA where plaintiff did not dispute signing the lease agreement or that the lease agreement was a contract evidencing a transaction involving interstate commerce).

The policy embodied by the FAA favors arbitration, *see Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), and "[t]he role of the courts is to 'rigorously enforce agreements to arbitrate,'" *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1366 (11th Cir. 2008) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985)). Because Westlake has demonstrated the existence of a written provision to arbitrate all claims arising from a transaction that involves interstate commerce, and because Jackson has not raised any "applicable contract defenses, such as fraud, duress, or unconscionability," *see Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996), the court finds the subject arbitration provision to be valid and enforceable.

## II. Conclusion

For the reasons set forth above, it is the **RECOMMENDATION** of the Magistrate Judge that the pending request by Westlake (*see* Doc. 17) be granted and that the court direct as follows:

- that Jackson must commence arbitration proceedings within 30 days;

- that the parties must file a joint status report every 90 days;

- that a final status report must be filed no later than 21 days after conclusion of the arbitration proceedings; and

- that all proceedings in this court be stayed in the interim.[1]

It is **ORDERED** that all objections to this Recommendation must be filed no later than **June 11, 2025**. An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

---

[1] *See* 9 U.S.C. § 3 (mandating a stay of proceedings, if requested, when a finding has been made that claims are referable to arbitration); *see also Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) ("[T]he FAA requires a court to either stay or dismiss a lawsuit and to compel arbitration upon a showing that (a) the plaintiff entered into a written arbitration agreement that is enforceable 'under ordinary state-law' contract principles and (b) the claims before the court fall within the scope of that agreement.").

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. An appeal may be taken only as to an appealable Order entered by the District Judge.

**DONE** this the 28th day of May 2025.

                                                **CHAD W. BRYAN**
                                                **UNITED STATES MAGISTRATE JUDGE**