IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDWARDNETT JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:25-cv-0043-RAH |
| ) | |
| WESTLAKE PORTFOLIO ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendant. ) | |

### **ORDER**

Pending before the Court is the Recommendation of the Magistrate Judge (doc. 20) issued on May 28, 2025. In the Recommendation, the Magistrate Judge recommends that the *Motion to Compel Arbitration* (doc. 12), as amended (doc. 17), filed by Defendant Westlake Portfolio Management, LLC be granted. Plaintiff has filed a motion (doc. 21) to modify the Magistrate Judge's Recommendation in which she states only that "the Defendant, as the party seeking to compel arbitration, should be the one required to initiate the arbitration proceedings." The Court construes this as a limited objection.

Plaintiff is the party that filed this lawsuit making a claim under the Fair Debt Collection Practices Act. Plaintiff bears the burden of proof on that claim. Other than the bare assertion that Defendant should be required to initiate the arbitration proceedings since it is the Defendant who sought arbitration of Plaintiff's claims, Plaintiff offers nothing in support of the assertion. Not language in the arbitration agreement. Not a rule from the American Arbitration Association or another arbitration forum. Not even a citation to a court case. Instead, courts, including the

Alabama Supreme Court, have rejected similar assertions. *See, e.g., Nation v. Lydmar Recoverable Tr.*, 251 So. 3d 784, 789 (Ala. 2017)("Nothing in the arbitration provisions require[] the defendants to initiate the arbitration process. . . . [t]herefore, under the plain language of the arbitration provisions, we cannot conclude that [they] require the defendants to initiate the arbitration process."); *Johnson v. East Bay Kia, Inc.*, Case No. 08-00656-CG-B, 2009 WL 928674 (S.D. Ala. Apr. 2, 2009).

Accordingly, upon this Court's independent and de novo review, and for good cause, it is **ORDERED** as follows:

1. Plaintiff's *Motion to Modify the Magistrate Judge's Recommendation* (doc. 21), which the Court construes as a limited objection, is **OVERRULED** and **DENIED**;

2. The Recommendation (doc. 20) is **ADOPTED**;

3. Defendant's *Motion to Compel Arbitration*, as amended, (docs. 12, 17) is **GRANTED**;

4. The claims contained in Plaintiff's Complaint are hereby compelled to arbitration in accordance with the arbitration agreement contained in the lease agreement;

5. Plaintiff shall initiate the arbitration proceeding within thirty (30) days of this Order;

6. The parties shall file a joint status report every ninety (90) days, with the first report due on or by **October 1, 2025**; and,

7. This action is hereby **STAYED** pending further order of the Court.

DONE, on this the 4th day of June 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE